UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

EDWIN B. BANKS,

                               **Plaintiff,**

   vs.                                                  9:18-CV-319
                                                                    (MAD/CFH)

**S. RACETTE, et al.,**

                                 **Defendants.**

---

APPEARANCES:                                OF COUNSEL:

**EDWIN B. BANKS**
03-B-1574
Five Points Correctional Facility
Caller Box 119
Romulus, New York 14541
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **ERIK BOULE PINSONNAULT, ESQ.**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION ORDER

### I. INTRODUCTION

    On or about October 18, 2017, Plaintiff, *pro se* litigant and former inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action in the Southern District of New York while housed at the Central New York Psychiatric Center, pursuant to 42 U.S.C. § 1983.[1] *See* Dkt. No. 2. In his complaint,

---

[1] Plaintiff was subsequently transferred to Five Points Correctional Facility in Romulus, New York. *See* Dkt. No. 5.

Plaintiff asserted claims against several DOCCS employees at Clinton Correctional Facility, including corrections officers and the Superintendent of the facility, the acting Commissioner of DOCCS, the Commissioner of the New York State Office of Mental Health as well as various Office of Mental Health employees, employees at Sing Sing Correctional Facility, health professionals at Champlain Valley Physicians Hospital as well as the hospital itself, alleging various First, Fourth, and Eighth Amendment violations. *See generally* Dkt. Nos. 2, 11.[2]

Currently before this Court is Defendants' motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rules 10.1(c)(2) and 41.2(b).

## II. BACKGROUND

On March 15, 2018, this case was transferred to the Northern District of New York. *See* Dkt. Nos. 7–8. On May 29, 2018, this Court severed and transferred a variety of claims back to the Southern District of New York and dismissed other claims after initial review pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See* Dkt. No. 11 at 28–30. The following claims survived this Court's initial review: (1) Eighth Amendment excessive force and failure-to-intervene claims related to an alleged use of force by staff at Clinton Correction Facility ("Clinton") on October 18, 2014 and November 10, 2014, and (2) Eighth Amendment conditions-of-confinement claims based on alleged denial of meals at Clinton between November 6, 2014 and December 5, 2014. *See id.* at 4–6, 16–18, 22–23, 29.

Upon this Court's Decision and Order, the Office of the New York State Attorney General provided Plaintiff with information about the identities of the Doe Defendants, after which time Plaintiff was directed to amend his complaint to substitute these newly named defendants. *See*

---

[2] For a complete statement of Plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

Dkt. Nos. 20, 22. This Court granted Plaintiff three extensions of time to do so, only denying him after a fourth request. *See* Dkt. Nos. 26, 29, 31, 33. At the same time as this denial, this Court also dismissed numerous Defendants without prejudice. *See* Dkt. No. 33.

On March 28, 2019, multiple Defendants filed a pre-answer motion for summary judgment on the grounds that Plaintiff failed to exhaust his available administrative remedies, with the final remaining Defendant joining the motion on April 18, 2019. *See* Dkt. Nos. 39, 44. This Court issued a Notice of Response on Motion for Summary Judgment which was subsequently sent to Plaintiff on March 28, 2019, at Five Points Correctional Facility; it was returned to the Court as undeliverable.[3] *See* Dkt. No. 41. On or about April 10, 2019, Plaintiff was released from DOCCS custody to the Division of Parole. *See* Dkt. No. 45.[4] This Court has not received any update from Plaintiff as to his current location, nor has this Court received any correspondence from Plaintiff since January 7, 2019. *See* Dkt. No. 32.

Defendants filed an informal letter motion to dismiss this case for lack of prosecution on August 15, 2019. *See* Dkt. No. 46. Defendants subsequently filed a formal motion on August 29, 2019, which the Court will address herein. *See* Dkt. No. 48.

---

[3] The Court also sent the same Notice of Response on Motion for Summary Judgment to Auburn Correctional Facility, as well as two text orders to Five Points Correctional Facility. All were returned to the Court as undeliverable due to Plaintiff's release from DOCCS custody. Dkt Nos. 43, 45, 49.

[4] The Court confirmed Plaintiff's release by reviewing the DOCCS Inmate Lookup database.

# III. DISCUSSION

A. **Standard of Review**

Rule 41(b) of the Federal Rules of Civil Procedure provides that,

> [i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Dismissal of an action under this rule is a "harsh remedy to be utilized only in extreme situations." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks and citation omitted). This is particularly true where a plaintiff is proceeding *pro se*. *See, e.g.*, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (holding that the circuit court will give due deference to the district court's Rule 41(b) dismissal of a *pro se* litigant's complaint "only when the circumstances are sufficiently extreme").

Notwithstanding a plaintiff's *pro se* status, Rule 41(b) gives the district court explicit authority to dismiss a case where the plaintiff fails to comply with the court's orders or otherwise fails to prosecute the action "diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). As explained in *Lyell Theatre*, this authority "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Id.* at 42.

In determining whether dismissal for failure to prosecute is warranted, the district court must consider the following factors, none of which are dispositive individually: (1) the duration of the plaintiff's failures; (2) whether the plaintiff received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether an

4

appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights; and (5) whether lesser sanctions would be appropriate. *See United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

**B.     Duration of Delay**

The relevant inquiry on this factor is twofold: (1) whether the failures were those of the plaintiff, and (2) whether the failures were of significant duration. *See Jackson v. City of N.Y.*, 22 F.3d 71, 75 (2d Cir. 1994). There is no "magic number" when determining whether the length of the delay was of significant duration. *See Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000).

In the present case, Plaintiff is entirely at fault for the delay. Plaintiff has not taken any action in this case as of January 7, 2019, when he filed a letter motion requesting an extension of time to file an amended complaint. *See* Dkt. No. 32. The Court denied this request, as Plaintiff had already received three previous extensions on September 4, 2018, October 5, 2018, and November 30, 2018. *See* Dkt. Nos. 26, 29, 31, 33. The Court emphasized that Plaintiff had "not availed himself of those generous extensions of time, or demonstrated the requisite good cause required to further extend this case indefinitely . . . ." Dkt. No. 33.

Further, after these initial delays, the Court subsequently issued a Notice of Response on Motion for Summary Judgment to Plaintiff at Five Points Correctional Facility, but the same was returned to the Court as undeliverable with a notation: "Not Here. Released." Dkt. Nos. 40, 41. The Court received similar undeliverable notations on subsequent mailed documents. *See* Dkt. Nos. 43, 45, 49. On or about April 10, 2019, Plaintiff was released from DOCCS custody to the

Division of Parole. *See* Dkt. No. 45. Plaintiff has not contacted the Court or Defendants' counsel to update his address. *See* Dkt. Nos. 45, 48-1.

Defendants' motion to dismiss for failure to prosecute was filed after Plaintiff failed to communicate with any party for almost eight months. *See* Dkt. Nos. 32, 48. Despite there being no "magic number" of months required for a delay to be deemed significant, courts have suggested that a delay of five to ten months "falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." *Peters-Turnbull v. Bd. of Educ. of the City of N.Y.*, No. 96-CV-4914, 1999 WL 959375, *2-3 (S.D.N.Y. Oct. 20, 1999), *aff'd Peters-Turnbull v. Bd. of Educ. of City of N.Y.*, 7 Fed. Appx. 107 (2d Cir. 2001); *Copeland*, 194 F.R.D. at 132.

Despite Plaintiff's *pro se* status, the delay was active and consisted of a "pattern of dilatory tactics." *Lyell Theatre*, 682 F.2d at 42 (listing behavior warranting dismissal of a pro se litigant's complaint, including making "groundless motions, repeated requests for continuances or persistent late filings"). The evidence weighs in favor of Defendants on this factor.

**C.     Notice**

The Second Circuit requires that the plaintiff receive adequate notice that his case could be dismissed due to inaction. *See Martens v. Thomann*, 273 F.3d 159, 180–81 (2d Cir. 2001). In the present case, Plaintiff was first notified by order dated May 29, 2018, that "Plaintiff is . . . required to promptly notify, in writing, the Clerk's Office and all parties or their counsel of any change in plaintiff's address [and] failure to do so may result in the dismissal of this action." Dkt. No. 11 at 30. Plaintiff was also notified via letter dated March 28, 2019 of the consequences of failing to respond to Defendants' summary judgment motion. *See* Dkt. Nos. 40, 41, 42, 43. The evidence weighs in Defendants' favor on this factor.

### D. Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." *Lyell Theatre*, 682 F.2d at 43 (citations omitted). As in *Lyell Theatre*, where the court presumed prejudice when the plaintiff failed to file documents after being warned that he was risking dismissal, so can this Court presume prejudice where Plaintiff failed to file responses to Defendants' motions after being warned that he was risking dismissal. *Id.* at 39; Dkt. Nos. 11, 40. The evidence weighs slightly in Defendants' favor on this factor.

### E. Balance Between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. *See Norden Sys.*, 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" *Feurtado v. City of New York*, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (quoting *Davis v. United Fruit Co.*, 402 F.2d 328, 331 (2d Cir. 1968)). "There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535–36.

Again, this factor weighs in favor of dismissal. Plaintiff "has had ample opportunity to prosecute this case and to be heard. [Plaintiff] could have been heard on this motion but has squandered that opportunity by failing to submit opposition papers." *Antonios A. Alevizopoulos and Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99 Civ. 9311, 2000 WL 1677984, *3 (S.D.N.Y. Nov. 8, 2000). Plaintiff also failed to submit opposition papers to Defendants' motion for summary judgment, despite being warned of the consequences of this failure. *See* Dkt. Nos.

7

11, 40.  "The efficient administration of judicial affairs – a consideration vital to the Court's ability to provide meaningful access to other litigants – depends on the Court's overseeing its docket and guaranteeing that its cases progress with appropriate speed."  *Antonios A.*, 2000 WL 1677984, at *3 (citing *Lyell Theatre*, 682 F.2d at 42).  The evidence weighs slightly in Defendants' favor on this factor.

**F.     Consideration of Lesser Sanctions**

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction.  *See Norden Sys.*, 375 F.3d at 257.  Lesser sanctions are not appropriate in this case.  Plaintiff has repeatedly failed to respond to Defendants' dispositive motions or to file an amended complaint, even when the Court granted him multiple extensions.  Additionally, Plaintiff has failed to apprise the Court, Defendants' counsel, or the Clerk's Office of his change in address for over six months.  *See Peters-Turnbull*, 1999 WL 959375, at *3 ("A court need not beg a party to comply with its orders").  The evidence weighs in Defendants' favor on this factor.

**G.     Violation of the Local Rules**

As outlined above, Plaintiff has not communicated in any manner whatsoever with this Court since his last request for an extension of time to submit an amended complaint on January 8, 2019.  *See* Dkt. No. 33.  Plaintiff has repeatedly failed to respond to Defendants' motions or promptly notify the Clerk's Office and all parties or their counsel with his change in address.  As such, Plaintiff's consistent inactivity in excess of the four-month threshold set forth by this District's Local Rules indicates a failure to prosecute this action.  N.D.N.Y.L.R. 41.2(a).  By not immediately notifying the Court of his change of address and filing a notice with the Clerk, Plaintiff has also violated this District's Local Rule 10.1(c)(2).  Failure to notify the Court of a

change in address in accordance with this rule "may result in the dismissal of any pending action." N.D.N.Y.L.R. 41.2(b).

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss for failure to prosecute (Dkt. No. 48) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED** in light of his failure to prosecute this action and comply with orders of the Court; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 39) is **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 30, 2019
      Albany, New York

_Mae A. D'Agostino_
U.S. District Judge